UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS CERDA, et al., ) | 1:05cv1418 AWI DLB |
| ) | |
| Plaintiffs, ) | ORDER GRANTING DEFENDANT'S MOTION TO COMPEL DISCOVERY RESPONSES AND REQUEST FOR SANCTIONS |
| v. ) | |
| ) | (Document 11) |
| LIBERTY MUTUAL INSURANCE ) COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

Defendant Liberty Mutual Insurance Company ("Defendant") filed the instant motion to compel discovery responses and for sanctions on September 25, 2006. Pursuant to Local Rule 78-230(h), the Court deemed the motion proper for determination without oral argument.

## **BACKGROUND**

This action, filed by Plaintiffs Thomas and Christine Cerda ("Plaintiffs"), was removed from the Fresno County Superior Court on November 10, 2005. The action involves an insurance dispute between Plaintiffs and Defendant in which Plaintiffs contend that (1) Defendant owes them certain sums under the homeowners policy after a rental property was destroyed by fire and subsequently demolished by Plaintiffs; and (2) they have been damaged by Defendant's refusal to pay the full policy limits until the home is rebuilt.

1    Defendant filed this motion to compel responses to its First Set of Special Interrogatories
2    and First Set of Request for Production of Documents on September 25, 2006.  Defendant also
3    requests sanctions.  Plaintiffs have not opposed the motion or otherwise contacted the Court.

**DISCUSSION**

Federal Rule of Civil Procedure 26(b)(1) provides that a party "may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter."

On May 8, 2006, Defendant served Plaintiff Thomas Cerda with its First Set of Special Interrogatories and First Set of Requests for Production of Documents.  Both contained nine requests relating to Plaintiffs' claims.  On June 6, 2006, Plaintiffs' counsel, Edward Chatoian, requested an extension of time in which Plaintiff could respond.  Defendant granted an extension to June 14, 2006.  Plaintiff did not provide responses by that date.

On July 17, 2006, and again on August 2, 2006, Defendant attempted to contact Mr. Chatoian by both letter and telephone.  To date, Defendant has not received a response from Mr. Chatoian or Ms. Halpin, his paralegal.

Defendant's motion is therefore GRANTED.  By failing to timely respond, Plaintiff has waived any objections he may have had to the discovery.  Fed.R.Civ.Proc. 33(b)(4).  Plaintiff shall file his responses within twenty (20) days of the date of service of this order.

Pursuant to Rule 37(a)(4)(A), the Court GRANTS Defendant's request for sanctions in the amount of $630.00.  This amount is payable by Plaintiff and his attorney of record within twenty (20) days of the date of service of this order.

Failure to comply with this order may result in additional sanctions, including dismissal.

IT IS SO ORDERED.

Dated:   **October 20, 2006**             /s/ *Dennis L. Beck*
3b142a                                                  UNITED STATES MAGISTRATE JUDGE